May it please the Court, the Commissioner states in her brief, a reviewing court may consider evidence submitted to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence and is free of legal error. The plaintiff submitted to the Appeals Council a four-page letter from Dr. McCullough, his treating doctor, who went through all of the medical evidence, the history and his treatment notes, the MRIs and the tests and so forth that had been done by other doctors and wrote that, in his opinion, Mr. Aerni could not sustain even sedentary work on a full-time basis and had a permanent 10-pound weight limit and so forth. If his... There was a new opinion expressed there, but was there any new data underlying medical evidence contained in that letter? Well, that was the concern that the district court raised, that there wasn't new data. But, Your Honor, I'd submit that it wasn't necessary for the data to be new, but what was new was the ALJ had denied Mr. Aerni, in part, because a doctor had not stated clearly that... A doctor had not clearly endorsed disability. And so that was a new thing that happened with Dr. McCullough's letter. The other thing that was new is that the ALJ had stated in his decision that there were... He was minimizing the findings of the MRI and the other test results, saying that the plaintiff's testimony wasn't supported by the medical evidence. And what Dr. McCullough's letter does is explain how, in fact, the test results and the objective findings do support his complaints of pain. One of the more important things was, after he had his cervical fusion, he had an MRI that showed a progression of his degenerative disc disease. And that is something that only Dr. McCullough pointed out in this letter. So there are very important things that were said. But I'd like to state that one of the big issues here is the commissioner saying that even though the Appeals Council accepted this evidence, and the Appeals Council is only supposed to accept evidence that is new and material, even though they accepted it and made it part of the record, and even though this court may consider it in determining whether there's substantial evidence, the commissioner is stating that now we need to show materiality, even though materiality presumably was found by the Appeals Council when they accepted the material into the record. I'd ask the court to stay with the ruling of Ramirez versus Shalala, where the court was in the same situation. The commissioner had conceded in that case, as they do here, that the reviewing court may consider the new evidence. In looking at the new evidence, the Ninth Circuit in Ramirez concluded that that material was already part of the record, the Appeals Council had already considered it, and was now, and had made their final, had made a decision, I will hold back on whether it was final or not, but made a decision, and based on that, the Ninth Circuit found that the new material was part of the record and was something that the court could make a decision on, as to whether the ALJ's decision was supported by substantial evidence. And plaintiff's position is this case is very, very similar, if not identical, to Ramirez. Does Ramirez survive the Supreme Court's decision in Sims versus Apfel? I believe it does, Your Honor. In fact, I see the Sims case as only helping the plaintiff. The important, it was a different issue, of course, because they were dealing with issue preclusion, but the Sims case really got to the heart of what these administrative proceedings are about. The Sims case said that these proceedings are inquisitorial, not adversarial. And Sims pointed out that when a case is at the Appeals Council, the Appeals Council has the duty to investigate the facts and to look at both sides of the case for and against the claimant. And, excuse me, so the ALJ had that responsibility, and I quote, and the Appeal Council's duty or jurisdiction is similarly broad. There are some good parts for the claimant, that it's not an adversarial process down at the hearing stage, but there are also some negatives. I don't have, we don't have the commissioner represented giving a detailed explanation of what the commissioner's objection to the medical evidence is. The first time that the claimant hears a clear explanation, detailed explanation of the problem with his case is when the ALJ writes the decision. And sometimes an ALJ will engage a claimant's attorney or engage the claimant and say, this is the problem I have, this is the problem I have. But in many cases, including in this one, the ALJ's decision is the first time that the claimant is seeing in detail what's wrong with this case. What about this statement in Sims right here, right at the top of page 107? According to regulation, Sims says, but if it's here, the council denies the request for review. The ALJ's opinion becomes the final decision. So that's what we review, right? Because it's the final decision. Well, Your Honor, a couple of things. I don't think Sims was dealing with the issue of what's considered when new evidence is submitted, because that because that wasn't part of the case. And it is true that many cases, including the Sims case, say that language. But the question is, what does final decision mean? And I thought that's what Sims purported to define, because, you know, it starts this whole discussion about that the act does not define final decision, and then goes on to tell us what the court thinks final decision means. Well, Your Honor, I don't think that the Sims case was really giving us much instruction on new evidence submitted at the appeals council. There's on my additional citations, there's a new Fifth Circuit case that really went head on to what that final decision language means. And the circuits are quite split on the issue of whether the ALJ's decision is the final decision versus the appeals council decision. Is that the Higginbotham case? Yes, Your Honor. And in that case, they cite Sims for the very proposition, for the very statement that you quote, but go on to say, but what does that mean in terms of what we're supposed to do with new evidence? If, as the commissioner concedes, you are to reconsider this new evidence, plaintiff submits that it would be meaningless for you to consider it if you can't look at whether certain standards were followed in how the appeals council addressed it, and whether it has some weight in this case. It just, it would be the elephant in the room that we're all ignoring. The appeals council did look at the decision, and it is in the record, and it supports a finding of disability. Good morning, Your Honors. May it please the Court. Joanne D'Antonio on behalf of the Commissioner of Social Security. The one issue I'll focus on, based on the time I have, is the one that Ms. Tussinari also focused on. That's the effect of Dr. McCullough's post-decision report. And if true, and if accepted, what effect does that have on the ALJ's decision? The agency is not asking this Court to overturn or disagree with the holdings in Ramirez. It's also not our position that Gomez does either one of these either. What we are asking is that Ramirez and Gomez be read together. Ramirez did not hold that the appeals council should give clear and convincing reasons to reject evidence presented to the appeals council after an ALJ's decision. It merely stated that the Court is to review all the evidence and the decision of the ALJ and the appeals council but it set out no new standards on what are the requirements that the appeals council must set forth in its decision. Nor are there any other cases that are cited by plaintiff in their briefing that adds anything additional to the appeals council's requirements. The cases of Lester and Smolin only talk to what the ALJ is required to do. In that case, the ALJ is required to either reject a treating physician by clear and convincing evidence or specific and legitimate. There is a distinct difference between the Ramirez case and this case. In the Ramirez case, the Court seemed to be pretty taken aback by the fact that not only did the appeals council not address the additional treating physician's report but that the ALJ also did not address the treating physician's reports that were already in the record and obviously the additional report. The Ramirez Court held that both the ALJ and the appeals council failed in addressing this evidence. In this case, the ALJ did review all the records that were before him of Dr. McCullough and he made his findings and decisions based on the complete record. The ALJ has no obligation to obtain any additional evidence as part of the record although this is a non-adversarial proceeding. The ALJ is not required to go find evidence or make the plaintiff's case for him. He only has to ensure that the evidence is complete and in this case he had all the records of Dr. McCullough. 20 CFR 404.1527 sets out the ALJ's burden on collecting new records. It states that only when the record is incomplete or there are inconsistencies that cannot be resolved, then the ALJ must get additional evidence. The case of Gomez specifically addressed the requirements of the appeals council and that is found at page 972. When the appeals council rejects evidence, they're not required to make any particular evidentiary finding. Plaintiff makes a point that this referred to a vocational expert and not a medical provider. The fact that the appeals council was referring to... Just a minute, just a minute. I'm sure of what your position is. You're saying that this case is governed by Gomez? Gomez and Ramirez. We're saying that Ramirez does not compel the result that plaintiff is requesting. Because of Gomez? Correct. And also because of the regulations and 42 U.S.C. 405G which regulates what the court's review is. The fact that the appeals council was referring to a vocational expert's report is immaterial. What they said was... Let me ask the question this way. What decision are we reviewing here? The court is to review the decision of the administrative law judge. But can we consider the evidence that was put before the appeals council? Yes, you can consider that. We are not stating that the court does not do that. However... So that goes to the point that the appeals council doesn't have to give all these reasons that the ALJ might have to give. Correct. If it discounts that. Correct. Because there is no regulation or any case law that states they have to do that. However, regarding an ALJ's decision, there is in particular one regulation that states how the ALJ is to evaluate different types of evidence. Lay witness, treating physician, and how he is to consider that. The court's jurisdiction is only to review whether the factual findings were supported by substantial evidence and that the decision was in conformity with the agency regulations. Agency regulations... Supported by the evidence, we are allowed to consider... If I understand what you just said, we are allowed to consider the additional evidence that was submitted to the appeals council as if it was part of the first package. Correct. I can't contest that because it does state that it does become part of the record. However, only... So here we are really talking about what the appeals council is required to explain when it says we deny review. The ALJ type regulations or standards don't apply to the appeal council. Correct. But we can take a look at the whole package in deciding whether the ALJ decision adopted in effect by the appeal council is supported by substantial evidence. Correct. Ramirez states that. And also this is... Because the appeals council made a part of the record, we can't tell the court to put a blind eye. But it's very limited review. You're reviewing only to see whether or not the ALJ's decision was still supported by substantial evidence. And in order to do that, there is... It's very confusing with the new and material standards between that of the appeals council and that of the district court. It is very confusing because we use the same words in different areas and in different jurisdictional reviews. So what the court looks at does have to determine whether or not this would change the decision of the ALJ. And in this case, the district court did review that and determined that it would not for a couple different reasons. One, that this was a post-hearing decision and case law tells us that these reports are less persuasive. That's in McCree and Wheatman. The district court determined that this would not make a change. And if we look at the facts in the case, it's clear that it would not. Dr. McCullough renders an opinion that, for instance, that Mr. Arney had significant COPD and that it was severe. However, the records that he's referring to are records from the past, records that were already evaluated by the ALJ and found not to be of the significant level that Mr. Arney states they were based on his activity level. Specifically, Dr. McCullough refers to the pulmonary function test in 2001 and he states that he has severe COPD. But what the report actually states is that he has moderately severe COPD. And that's at 642. Previously, in 1997, a PFT was done and it showed that he had significant COPD. But at the time, Dr. Cagle, who was reviewing the pulmonary function test, stated that although he has significant PFT, significant COPD, I apologize, he still did a lot of physical activity. And that was when he was walking miles, cave spelunking, I guess you could say, dumpster diving, pouring cement, helping friends lift things. So what Dr. McCullough did not have and did not do was review the credibility of the plaintiff, which in this case is seriously at issue. On the back and neck issues that Dr. McCullough addressed, as I said, he didn't particularly take into consideration the assessment of his credibility and also the level of activity that he was doing at that time. Unless there are any other questions. Thank you. We have slightly less than a minute left for a bottle. Thank you. I just want to point out that on the issue of Dr. McCullough's consistency with other evidence, other doctors, Freeman and Boggs, described him as having severe cervical osteoarthritic changes. And there was even, although there was agency doctors did address and give information regarding his limitations prior to surgery, the more recent information, the only doctor to give any comment is Dr. McCullough. And there's simply no updating by the agency of his condition after the surgery and Dr. McCullough's the only opinion, his opinion should be considered. Thank you. Thank you, counsel, for your arguments. The case is submitted. The next case on this morning's calendar is United States v. Weeks. Thank you.
judges: Hug, Tashima, Clifton